## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| VAYLA NEW ORLEANS, THANH MAI, FLORIDALMA MANSILLA, NORMA FLORES, on behalf of themselves and others similarly situated, ) ) ) ) ) | |
| *Plaintiffs*, ) ) | |
| v. ) ) | **CIVIL ACTION** |
| TOM SCHEDLER, in his official capacity as Louisiana Secretary of State, ANGIE ROGERS, in her official capacity as the Louisiana Commissioner of Elections, ) ) ) ) ) | **CLASS ACTION** |
| *Defendants*. ) ) | |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs VAYLA New Orleans, Thanh Mai, Floridalma Mansilla, and Norma Flores seek declaratory and injunctive relief and allege as follows:

### NATURE OF ACTION

1. This case challenges Louisiana Revised Statute Section 18:105(B) which discriminates against naturalized citizens by subjecting them to heightened voter registration requirements. In 1874, Louisiana's legislature passed Act 155.[1] Section 20 of Act 155 required voter registrants born outside the United States to prove they had naturalized into United States citizenship. Such laws targeting foreign-born, naturalized voters were once more common, but Louisiana's law is the only one of its kind still enforced in the United States. Similar laws were long ago struck down as discriminatory.

---

[1] S. Journal, 1874 Leg., Reg. Sess. 245 (La. 1874).

2.      Section 18:105(B) requires naturalized U.S. citizens to go through an extra step to register to vote that is not required of native-born U.S. citizens.  After a foreign-born, naturalized U.S. citizen submits a voter registration application, Defendants or their agents give the applicant notice that he or she must present documentary proof of citizenship or their voter registration application will be rejected.  Typically, the applicant has 10 days in which to comply with this notice.

3.      Section 18:105(B) violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution and Title III of the Civil Rights Act of 1964, 52 U.S.C. § 10101(a)(2)(A), by unlawfully discriminating on the basis of national origin against naturalized citizens registering to vote by arbitrarily subjecting them to heightened voter registration requirements.  Section 18:105(B) also conflicts with the National Voter Registration Act and therefore is preempted by the Elections Clause of the United States Constitution, art. I, § 4 cl. 1, and the National Voter Registration Act of 1994, 52 U.S.C. §§ 20501 *et seq*.

4.      Additionally, Louisiana's discriminatory documentary proof of citizenship requirement suppresses naturalized citizens' participation in elections.  Many naturalized voters are hindered in complying with this discriminatory law by language barriers, unfamiliarity with the registration process, transportation issues, tight deadlines and work and family obligations.  Organizations that serve naturalized citizens face increased expenses from registering community members, explaining the law and shuttling registrants to parish Registrars' offices so they can present their citizenship papers.

5.      The individually named Plaintiffs bring this action on behalf of themselves and a class of all others similarly situated to obtain a declaration that Section 18:105(B) violates the U.S. Constitution and federal law and preliminary and permanent injunctive relief.

6.     Section 18:105(B) subjects thousands of Louisianans, including Plaintiffs and members of the proposed class, to irreparable harm by infringing upon their right to vote and discriminating against them on the basis of national origin.  The law also conflicts with federal law, which affords naturalized citizens a simpler way of registering.  Plaintiffs and members of the proposed class will continue to suffer serious and irreparable harm if Section 18:105(B) is not enjoined.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1357 because this case arises under the United States Constitution and federal laws and because this case seeks equitable and other relief for the deprivation of rights under color of state law.

8.     This Court has jurisdiction to award attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

9.     This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

10.     This Court has personal jurisdiction over Defendant Tom Schedler, the Louisiana Secretary of State, and Defendant Angie Rogers, the Louisiana Commissioner of Elections, who are sued in their official capacities.  Both Secretary Schedler and Commissioner Rogers are state officials who reside in Louisiana and work in Baton Rouge, Louisiana.

11.     Venue is appropriate in the Middle District of Louisiana, under 28 U.S.C. § 1391(b)(1), because Defendants Secretary Schedler and Commissioner Rogers are state officials working in Baton Rouge, Louisiana.  A substantial part of the events giving rise to these claims

occurred and continues to occur in this district, making venue also proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

12.     Plaintiff VAYLA New Orleans ("VAYLA") is a multi-racial, community-based, non-profit organization in New Orleans whose mission includes empowering community members to participate in elections and make decisions to improve the quality of their lives. VAYLA acts to carry out its mission through voter registration and removing barriers to voting through organizing and advocacy.  Since 2006, VAYLA has conducted voter registration drives at churches, festivals, grocery stores and other venues and events.  It helps register its members who are taking citizenship and English as a Second Language classes once they become eligible to vote.

13.     The community VAYLA works with includes many naturalized citizens. Therefore, in order to fulfill its mission and register community members to vote, VAYLA has had to divert additional time, money, and other resources to its voter registration program in order to comply with Section 18:105(B).  Instead of simply collecting and submitting voter registration forms as they do for native-born applicants, VAYLA must follow up with the naturalized individuals who have submitted registration forms and drive them to the appropriate parish Registrar of Voters office so that they can present documentary proof of citizenship in person.  The organization has also suffered reputational harm due to Section 18:105(B) since community members, including VAYLA's own members, became frustrated with the process and believed they had been misled by a trusted local organization because they were not registered to vote after applying.

14.     VAYLA has over 2,200 total members, including naturalized U.S. citizens. VAYLA members have been injured by Section 18:105(B) because Defendants or Defendants' agents have rejected their registration forms unless these VAYLA members are able to present documentary proof of citizenship.  These naturalized U.S. citizen VAYLA members, who are eligible to vote, have filled out and submitted voter registration forms to parish Registrar of Voters offices.  Instead of being registered to vote, they have received letters commanding them to provide the Registrar of Voters offices with proof of U.S. citizenship.

15.     Plaintiff Thanh Mai is a naturalized U.S. citizen, a resident of Jefferson Parish, Louisiana, and an eligible voter who wants to register and vote in the 2016 general election.  Mai is 20 years old.  She has never been convicted of a felony nor had her right to vote taken away by a court.  She was born in Vietnam in 1995 and moved to the United States in 1996 when she was one year old. She became a U.S. citizen on November 2, 2010.   Mai has unsuccessfully submitted three voter registration applications in Louisiana, attesting to her U.S. citizenship in all three, yet she remains unregistered to vote due to Section 18:105(B).

16.     Defendants' enforcement of Section 18:105(B) prevented Mai from voting in the 2015 gubernatorial election and the 2016 primary election because Defendants or their agents did not register her to vote upon receiving her voter registration applications.  Section 18:105(B) requires her to comply with a discriminatory process or be barred from voting in the November 2016 Presidential elections.

17.     Plaintiff Floridalma Mansilla is a naturalized U.S. citizen, a resident of Jefferson Parish, Louisiana, and an eligible voter who wants to register and vote in the 2016 general election.  Mansilla is 62 years old.  She has never been convicted of a felony nor had her right to vote taken away by a court.  She was born in Guatemala City, Guatemala in 1953, moved to the

United States in 1990, and became a U.S. citizen on January 27, 2015.  Since becoming a U.S. citizen, Mansilla has attempted to register to vote twice in Louisiana, both times attesting to her U.S. citizenship.  Mansilla remains unregistered to vote due to Section 18:105(B).

18.     Defendants' enforcement of Section 18:105(B) prevented Mansilla from being registered to vote after she submitted voter registration forms, thereby blocking her from voting in the 2015 gubernatorial election and the 2016 Presidential primary election.  Section 18:105(B) requires her to comply with a discriminatory process or be barred from voting in the November 2016 Presidential elections.

19.     Plaintiff Norma Flores is a naturalized U.S. citizen, a resident of Jefferson Parish, Louisiana, and an eligible voter who wants to register and vote in the 2016 general election. Flores is 51 years old.  She has never been convicted of a felony nor had her right to vote taken away by a court.  She was born in Honduras in 1964, moved to the United States in 1993, and became a U.S. citizen in 2008.  Since moving to Louisiana in 2011, she has tried to register to vote in Louisiana three times, each time attesting to her U.S. citizenship, but Flores remains unregistered due to Section 18:105(B).

20.     Defendants' enforcement of Section 18:105(B) prevented Flores from being registered to vote after she submitted voter registration forms, thereby blocking her from voting in the 2012 Presidential election, the 2015 gubernatorial election and the 2016 Presidential primary election, among other elections.  Section 18:105(B) requires her to comply with a discriminatory process or be barred from voting in the November 2016 Presidential elections.

21.     Defendant Tom Schedler is the Secretary of State for the State of Louisiana and is sued in his official capacity.  As Secretary of State, Defendant Schedler is Louisiana's chief elections officer and administers Louisiana's laws relating to voter registration.  LA. CONST. art.

IV, § 7; LA. REV. STAT. ANN. §§ 18:18, 18:1353, 36:742.  Each parish's Registrar of Voters is "[s]ubject to the direction of the secretary of state," LA. REV. STAT. ANN. § 18:58(A), and the Secretary of State prescribes rules to be "applied uniformly by each registrar of voters," LA. REV. STAT. ANN. § 18:18(A)(3).

22.     Defendant Angie Rogers is the Commissioner of Elections for the State of Louisiana and is sued in her official capacity.  As Commissioner of Elections, Defendant Rogers is charged with administering the laws relating to voter registration, LA. CONST. art. IV § 12, and "perfom[ing] such duties as shall be prescribed by the secretary of state."  LA. REV. STAT. ANN. § 18:18(B).

## LEGAL FRAMEWORK

### A.  Federal Law Governing Voter Registration

23.     Federal law requires states to use non-discriminatory procedures to register voters.  The U.S. Constitution guarantees equal protection to all persons.  U.S. CONST. amend. XIV, § 1.  Title III of the Civil Rights Act of 1964 prohibits states from applying "different . . . standards, practices, or procedures" to individuals registering to vote.   52 U.S.C. § 10101(a)(2)(A).

24.     The Elections Clause of the U.S. Constitution states: "The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators."  U.S. CONST. art. I, § 4.

25.     In the National Voter Registration Act ("NVRA") of 1993, 52 U.S.C. §§ 20501 *et seq.*, enacted pursuant to the Elections Clause, Congress mandated the creation of a National Mail Voter Registration Form ("Federal Form") in a simple format to increase voter

registration.[2]  States are required to "accept and use" the Federal Form to register voters at least

for federal elections.  52 U.S.C. § 20505(a)(1).  States may not impose additional registration

requirements on users of the Federal Form unless the U.S. Election Assistance Commission

("EAC") has approved such additional requirement.  *Arizona v. Inter Tribal Council of Arizona,*

*Inc.*, 133 S. Ct. 2247 (2013) ("*Arizona v. ITCA*").

### B.  Louisiana Law Governing Voter Registration Based on the Federal Form

26.    Louisiana has not sought, let alone obtained, EAC approval to impose its

documentary proof of citizenship requirement on voter applicants who submit the Federal Form.[3]

27.    In 2000, the Louisiana Attorney General issued an opinion (No. 2000-48-A),

which concluded that registrars may lawfully require documentary proof of citizenship from

naturalized voter registration applicants submitting the Federal Form.  The opinion concluded:

"Requesting proof of citizenship acts as a verification, which is not prohibited by the [National

---

[2] Available at: http://www.eac.gov/voter_resources/register_to_vote.aspx (last visited May 3, 2016)

[3] On January 2, 2014, Defendant Commissioner Rogers submitted a comment on regulations.gov in support of Arizona, Kansas and Georgia's requests to the U.S. Election Assistance Commission ("EAC") that those states' documentary proof of citizenship requirements be added to their respective state-specific instructions for the Federal Form.  Defendant Commissioner Rogers stated:

> Louisiana submitted and obtained changes to its state instructions in July, 2012 due to law changes effective in 2004 and 2006. Louisiana supports the requests of Arizona, Kansas and Georgia to change its instructions as a state's constitutional right, power and privilege to establish voting qualifications, including voter registration requirements under the U.S. Const. article I, § 2, cl. 1 and U.S. Const. amend. X and XVII.[3]

On information and belief, Defendant Commissioner Rogers and Defendant Secretary Schedler are aware of Louisiana's documentary proof of citizenship requirement and its enforcement.  On information and belief, neither Defendant Commissioner Rogers nor Defendant Secretary Schedler have requested a change to the Louisiana instructions for the Federal Form to disclose Louisiana's documentary proof of citizenship requirement.

Voter Registration Act] and is consistent with state law."[4]  Louisiana has not rescinded Attorney General Opinion No. 2000-48-A following *Arizona v. ITCA*.  The Louisiana Attorney General opinion, which on information and belief was authored by Defendant Commissioner of Elections Angie Rogers, remains on the Louisiana Attorney General's website.[5]

### C. Louisiana Law Governing Voter Registration for Naturalized U.S. Citizens

28.     To register to vote in Louisiana, an individual must be a U.S. citizen, at least 16 years old, a resident of the state, parish, municipality and precinct in which registration is sought, and neither disenfranchised by reason of a felony conviction nor judged mentally incompetent. LA. CONST. art. I, § 10(A); LA. REV. STAT. ANN. § 18:101.  Notwithstanding the availability of pre-registration for 16- and 17-year-olds, no one under the age of 18 may vote in any election. LA. REV. STAT. ANN. § 18:101.

29.     All voter registration applicants in Louisiana must establish their identity, age, and residency in order to register to vote.  LA. REV. STAT. ANN. § 18:105(A).  Louisiana law also requires all voter registration applicants to provide their "municipality, parish or county, state or province, and country of birth."  LA. REV. STAT. ANN. § 18:104(A)(4).  The Louisiana state registration form contains a box for the "Applicant's Place of Birth" and an affirmation under penalty of perjury that she or he is a U.S. citizen.[6]

30.     Louisiana law requires each voter registration applicant to attest that she or he is a United States citizen.  LA. REV. STAT. ANN. § 18:104(A)(15).  Under Louisiana law, native-born U.S. citizen registrants need only sign the affirmation of U.S. citizenship under penalty of

---

[4] Available at: https://www.ag.state.la.us/Shared/ViewDoc.aspx?Type=4&Doc=16577 (last visited May 3, 2016).

[5] *See supra* n.4.

[6] Available at: http://www.sos.la.gov/ElectionsAndVoting/PublishedDocuments/ApplicationToRegisterToVote.pdf (last visited May 3, 2016).

perjury; they are not required to submit or present documentary proof of U.S. citizenship in order to be registered.  However, in addition to signing the sworn attestation of citizenship on the voter registration application, Louisiana law requires naturalized citizens to present documentary proof of their U.S. citizenship.  LA. REV. STAT. ANN. § 18:105(B).  Documentary proof of U.S. citizenship includes: a certificate of naturalization, a current U.S. passport, a certificate of naturalization of the parent, a certificate of citizenship, or a certificate of repatriation.  *Id.*

31.     Voters in Louisiana may register by way of the paper Louisiana Voter Registration Application, which requests that the voter provide his or her place of birth but does not give the applicant any notice that the presentation of documentary proof of U.S. citizenship will be required.

32.     Online voter registration is also available in Louisiana at geauxvote.com, pursuant to LA. REV. STAT. ANN. § 18:115.1.  This is an electronic system that permits voters with a Louisiana driver's license or state identification card to register to vote.  The same information requested on the paper Louisiana Voter Registration Application is requested by the online application, including the applicant's place of birth.  While an applicant can submit a voter registration application online, the registration process cannot be completed by a naturalized U.S. citizen until that applicant submits or presents documentary proof of U.S. citizenship in compliance with LA. REV. STAT. ANN. § 18:105(B).

33.     In addition to using the state registration form or geauxvote.com, voter registration applicants may use the Federal Form created pursuant to the National Voter Registration Act of 1993.  52 U.S.C. §§ 20505, 20508.  This standardized form for nationwide use does not ask for an applicant's place of birth, but like the state and online forms requires an applicant to attest, under penalty of perjury, that she or he is a U.S. citizen.  The Louisiana-

specific instructions to the Federal Form also do not mention the documentary proof of citizenship requirement for naturalized citizens.

## FACTUAL ALLEGATIONS

### A. Louisiana is Requiring Naturalized U.S. Citizens to Present Documentary Proof of Citizenship in Order to Register to Vote.

34.     Practices vary from parish to parish due to a lack of uniform statewide guidance on the law but, at a minimum, when a Registrar of Voters office receives a voter registration application from a naturalized U.S. citizen, that application is deemed incomplete until the applicant proves his or her U.S. citizenship.

35.     The Registrar of Voters office typically sends a letter, email, or some other type of communication to the naturalized applicant stating that he or she must provide documentary proof of U.S. citizenship in order to complete the voter registration process, usually within 10 days.

36.     For example, upon receipt of a voter registration application listing a foreign birthplace, the Orleans Parish Registrar of Voters sends to naturalized voter registration applicants a letter which begins as follows:

> Our office is presently unable to process your voter registration request, as you are required to verify that you are a United States citizen. . . . [A]pplicants of foreign birth must provide **ONE** of the following forms of identification to the Registrar of Voters office (in person):
> - *Certificate of Naturalization* (Cannot be a Copy)
> - *Current United States Passport* (Cannot be a Copy).

37.     Similarly, the Jefferson Parish Registrar of Voters sends a variant of a letter informing naturalized voter registration applicants of the proof of citizenship requirement as follows:

In order for your voter registration application to be processed, you must establish that you are a United States citizen.  You may provide one of the following forms of documentation:

A Certificate of Naturalization must be presented in the Registrar of Voters Office in person. This document cannot be reproduced.  If an applicant cannot appear in person, a family member may appear with it on his or her behalf.

A current U.S. Passport also can be provided, and unlike the Certificate of Naturalization, it may be copied. You may either appear with the original in the Registrar's Office, or provide a legible copy of the two pages which include your picture and personal information, which may be mailed or faxed [ . . . ] to our office.

…

Please supply the necessary information within 10 days of the date of this letter. If you fail to do so, your application will be rejected. At this point, you will need to re-register on a new application. . . .

38.     The St. Bernard Parish Registrar of Voters office sends naturalized voter applicants a letter entitled a "Request for Additional Information," which states: "YOUR APPLICATION TO REGISTER TO VOTE HAS NOT BEEN PROCESSED FOR THE FOLLOWING REASON(S)."  In one instance, that office's staff checked "OTHER" and wrote merely "POC," an acronym for "proof of citizenship" that most voters would not be able to decipher without additional information.  The letter also sets a 10-day time limit for providing the documentation.

39.     The Louisiana Voter Registration Application, the Louisiana Secretary of State's website and the materials contained therein, and the online voter registration system at geauxvote.com all fail to make any mention of this documentary proof of citizenship requirement for naturalized voter registration applicants.  Additionally, the only parish Registrar of Voters office that makes any mention of the proof of citizenship requirement is the Orleans Parish Registrar of Voters office.  On its website, under the heading "Register in Person," which

erroneously suggests it is not a requirement for online and mail-in registration, the website states: "If you are not a natural born U.S. citizen, you must bring supporting documents (i.e. passport or naturalization documents)."[7]

40.     Plaintiffs Thanh Mai, Floridalma Mansilla, and Norma Flores have each made multiple attempts to register to vote in Louisiana using the paper Louisiana Voter Registration Application, the online form, and the Federal Form, but remain unregistered because of the challenged law.  Despite attesting under penalty of perjury to their U.S. citizenship each time they fill out an application, instead of being registered, Mai, Mansilla, and Flores either receive nothing back from the Registrar of Voters office to confirm or deny their registration or they receive a letter telling them they must prove their U.S. citizenship within ten days in order to complete the process and be registered to vote.

41.     Mai has unsuccessfully submitted three voter registration applications.  In each attempt she filled out the form and attested to her U.S. citizenship and eligibility to vote.  In the fall of 2014, Mai filled out a voter registration form at a Loyola University voter registration drive.  She received in response neither confirmation of registration nor notice requiring proof of citizenship.  In the fall of 2015, Mai was rejected from the polls and was told she was not on the list of registered voters and therefore could not vote.

42.     Most recently, in January 2016, Mai submitted the Federal Form via a voter registration drive and soon thereafter submitted an application via the online voter registration system at geauxvote.com.  Instead of being registered to vote, she received a letter from the Jefferson Parish Registrar of Voters office dated February 10, 2016, stating that she was not registered and requiring her to prove her U.S. citizenship within 10 days of the date on the letter.

---

[7] Available at: http://www.nola.gov/registrar/general-information/ (last visited May 3, 2016).

She was subsequently mailed a second letter informing her that the Registrar's office had "reason to believe" she was not a U.S. citizen and therefore her registration was invalid. This second letter instructed Mai that she would have to appear in person to prove her U.S. citizenship within 21 days. Because she did not provide documentary proof of her U.S. citizenship, she is currently unregistered to vote.

43.     Since becoming a U.S. citizen, Mansilla has tried to register to vote twice but remains unregistered. In February 2015, Mansilla tried to register to vote online using the geauxvote.com system but never received any confirmation of registration. In March 2016, she submitted a Louisiana Voter Registration Application. Instead of being registered to vote, she received a letter from the Jefferson Parish Registrar of Voters office requiring her to prove her U.S. citizenship within 10 days. Because she did not provide documentary proof of her U.S. citizenship, Mansilla remains unregistered to vote.

44.     Since moving to Louisiana in 2011, Flores has tried to register to vote in Jefferson Parish three times, each time attesting to her U.S. citizenship and eligibility to vote. She submitted a registration form in 2012 and again applied to register at the Office of Motor Vehicles in June of 2015, but never received any confirmation of registration or other communication from the Jefferson Parish Registrar's office. In February 2016, she submitted a Louisiana Voter Registration Application. Instead of being registered to vote, she received a letter from the Jefferson Parish Registrar of Voters office requiring her to prove her U.S. citizenship within 10 days. Because she did not provide documentary proof of her U.S. citizenship, Flores remains unregistered to vote.

45.     This election cycle, VAYLA has registered community members at VAYLA's office, local businesses, churches, and other locations using both the Louisiana state registration

14

form and the Federal Form.  In order to ensure these naturalized applicants will be registered to vote, VAYLA must drive them to their respective parish Registrar of Voters offices to turn in their completed applications and show documentary proof of citizenship.  Many of the people being driven to parish Registrar of Voters offices lack the language skills, transportation and familiarity with the voter registration process to complete this task on their own.  VAYLA has brought these naturalized U.S. citizen registrants to Registrar of Voters office locations in Orleans Parish, Jefferson Parish and St. Bernard Parish.  These trips usually take over an hour each and some require VAYLA's Civic Engagement Coordinator to drive over 80 miles roundtrip.

46.     VAYLA is expending money, staff time and other resources in helping community members comply with this law.  VAYLA's Civic Engagement Coordinator is paid $14.00 per hour and works 80 hours every two weeks.  The Civic Engagement Coordinator has devoted significant time to this effort and, as a consequence, has not been able to complete her routine voter education and civic engagement tasks such as holding two voter education events per month and finishing a Get Out the Vote plan.  VAYLA is paying for the expenses of these trips including gas and parking costs.  The organization's finite resources could have been spent on core VAYLA activities and programming such as voter mobilization, supporting young people, leadership development, social services, education and/or health programs.  Given the competing demands on the non-profit organization's limited resources, VAYLA's staff is mindful that, despite their ongoing efforts on voter registration this year, many community members are still not being reached and go unregistered.  In this way, Section 18:105(B) causes ongoing and sustained harm to the voting rights of naturalized community members which VAYLA serves and to VAYLA's ability to register them.

**B.  Louisiana is Unlawfully Applying The Challenged Law to Voter Registration Applicants Using the Federal Form.**

47.    Louisiana voters who register with the Federal Form are being unlawfully required to identify their place of birth and, if they are naturalized citizens, provide documentary proof of citizenship.

48.    Despite applicants who submit a federal form attesting to their U.S. citizenship under penalty of perjury, Louisiana state and local election officials will not accept the Federal Form unless the applicant provides his or her place of birth within ten days of the Registrar of Voters mailing a letter acknowledging receipt of the Federal Form.  For example, the Orleans Parish Registrar of Voters office will send a letter to applicants who used the Federal Form asking for the applicant's place of birth and notifying them that the applicant must come into the office if they were born abroad:

> The Registrar of Voters office is unable to process your voter registration application for the reason(s) checked below: . . .
>
> _X_ Your place of birth was not provided. Contact the Registrar of Voters office for more information (*If born outside of the United States, you must come into the office; however contact our office first!*). . . .
>
> Please provide the requested information within ten (10) days of the date of this letter.

This letter to registrants who submitted the Federal Form informs the registrant that their voter registration application will not be complete until they comply.  However, the letter fails to mention the documentary proof of citizenship requirement.

49.    Orleans Parish Registrar of Voters staff at the Algiers Point office told Plaintiff VAYLA staff member Jeanna Tran that naturalized U.S. citizen applicants who submit the Federal Form are required to submit proof of citizenship.  Additionally, Orleans Parish Registrar

of Voters staff have refused to accept Federal Forms, instead insisting that registrants fill out Louisiana state forms.

50.     When Jefferson Parish Registrar of Voters staff learn or suspect that a registrant is a naturalized U.S. citizen, they will require documentary proof of citizenship from Federal Form registrants.

51.     Plaintiff Mai submitted a Federal Form via a voter registration drive in January 2016.  She received a letter from the Jefferson Parish Registrar of Voters office dated February 10, 2016, stating that she was not registered and requiring her to prove her U.S. citizenship within 10 days of the date on the letter.  She was subsequently mailed a second letter informing her that the Registrar's office had "reason to believe" she was not a U.S. citizen and therefore her registration was invalid.  This second letter instructed Mai that she would have to appear in person to prove her U.S. citizenship within 21 days.

## CLASS ACTION ALLEGATIONS

52.     Plaintiffs bring this action on behalf of themselves and all those similarly situated pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2).

53.     The class is defined as:

> All naturalized United States citizens residing in Louisiana who are eligible to vote; who have applied, or will apply, to register to vote; but who are not registered to vote.

54.     The precise size of the class is unknown, but it likely encompasses thousands of people and is therefore so numerous that joinder of all members would be impracticable. 181,642 foreign-born individuals lived in Louisiana as of fiscal year 2014.  72,250 of those foreign-born individuals were naturalized U.S. citizens.   109,392 of those foreign-born

individuals had not yet naturalized.[8]   On average in the United States, approximately 60% of naturalized citizens are registered to vote. [9]

55.     Questions of law and fact are common to the class including: (1) whether Section 18:105(B) violates the Equal Protection Clause by discriminating between groups of citizens based on national origin; (2) whether Section 18:105(B) violates 52 U.S.C. § 10101(a)(2)(A) by imposing different standards and procedures on different individuals applying to register to vote; and (3) whether Louisiana Registrars' application of Section 18:105(B)'s documentary proof of citizenship requirement to applicants who submit the Federal Form is preempted because these Registrars are failing to "accept and use" the Federal Form as required under the National Voter Registration Act.

56.     Plaintiffs' claims are typical of the class.  Section 18:105(B) expressly applies to all naturalized U.S. citizen voter registrants with equal force.

57.     Plaintiffs will fairly and adequately represent the interests of all members of the proposed class because they seek relief on behalf of the class as a whole and have no interests antagonistic to other members of the class.  Plaintiffs, like other members of the proposed class, face discriminatory hurdles in registering to vote.  They seek to have Section 18:105(B) declared unlawful and permanently enjoined so that all class members will be able to register to vote on an equal basis with other U.S. citizens.

58.     Proposed class counsel will fairly and adequately represent the class.  Proposed class counsel is experienced with voting rights litigation and civil rights litigation.

---

[8] U.S. Census Bureau, 2014 American Community Survey 1-Year Estimates, Table B05002.
[9] U.S. Census Bureau, 2014 Current Population Survey, Table 11. Reported Voting and Registration Among Native and Naturalized Citizens, by Race and Region of Origin:  November 2014 *available at* http://www.census.gov/data/tables/time-series/demo/voting-and-registration/p20-577.html (last visited May 3, 2016).

59.     Defendants have acted and will act on grounds generally applicable to the class in executing Section 18:105(B) by requiring documentary proof of citizenship from naturalized U.S. citizens and from voter registrants who submit the Federal Form.  Final declaratory and injunctive relief is appropriate with respect to the class.

## CLAIMS FOR RELIEF

## COUNT ONE

### (Denial of Equal Protection Under the Fourteenth Amendment and 42 U.S.C. § 1983)

60.     The factual allegations contained in the preceding paragraphs are incorporated into Count One, as though fully set forth herein.

61.     Plaintiffs assert a claim pursuant to 42 U.S.C. § 1983 for violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

62.     The Fourteenth Amendment provides that "[a]ll persons born or naturalized in the United States . . . are citizens of the United States and of the state wherein they reside.  No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. CONST. amend. XIV, § 1.

63.     Section 18:105(B) expressly treats naturalized citizens adversely compared to individuals with United States national origin.  Section 18:105(B) creates this adverse treatment by imposing an extra step to register to vote on naturalized citizens not borne by individuals with United States national origin.

64.     At all relevant times, Defendants have acted under color of state law.

65.     Section 18:105(B)'s documentary proof of citizenship requirement is a barrier to registering to vote that impermissibly deprives individual Plaintiffs, who are naturalized citizens with national origins other than United States national origin, of the equal protection of the laws

within the meaning of the Fourteenth Amendment.  For example, but for Section 18:105(B), Plaintiffs Mai, Mansilla, and Flores would be registered to vote.  Similarly, due to the Defendants' and parish Registrars of Voters offices' enforcement of Section 18:105(B), Plaintiff VAYLA has diverted substantial resources, money and time to registering naturalized voters and helping community members satisfy the documentary proof of citizenship requirement and away from other civic engagement and organizing efforts.

66.     Nondiscriminatory alternatives exist to register naturalized U.S. citizens.

67.     Defendants, acting under color of state law, have deprived and continue to deprive Plaintiffs of the equal protection of the laws in violation of the Fourteenth Amendment to the U.S. Constitution.

## COUNT TWO

**(Discrimination in Voter Registration Standards, Practices and Procedures in Violation of 52 U.S.C. § 10101(a)(2)(A) and 42 U.S.C. § 1983)**

68.     The factual allegations contained in the preceding paragraphs are incorporated into Count Two, as though fully set forth herein.

69.     Plaintiffs assert a claim pursuant to 42 U.S.C. § 1983 for violation of 52 U.S.C. § 10101(a)(2)(A).

70.     52 U.S.C. § 10101(a)(2)(A) provides that: "No person acting under color of law shall--(A) in determining whether any individual is qualified under State law or laws to vote in any election, apply any standard, practice, or procedure different from the standards, practices, or procedures applied under such law or laws to other individuals within the same county, parish, or similar political subdivision who have been found by State officials to be qualified to vote[.]"

71.     Section 18:105(B)'s documentary proof of citizenship requirement for naturalized U.S. citizens registering to vote is a "standard, practice, or procedure" which is "different from

the standards, practices, or procedures applied" under Louisiana law to native-born U.S. citizens registering to vote.

72.     Assuming they meet the other voting eligibility criteria listed in LA. REV. STAT. ANN. § 18:101, native-born U.S. citizens are registered to vote based on the information they provide and swear to under penalty of perjury on a Louisiana Voter Registration Application or the online voter registration application.  By contrast, naturalized U.S. citizens must provide documentary proof of one of the voting eligibility criteria—U.S. citizenship—despite having also sworn under penalty of perjury to their U.S. citizenship.

73.     Such discriminatory treatment in the voter registration process based on national origin is not contemplated by LA. REV. STAT. ANN. § 18:101, since all U.S. citizens are equally eligible or "qualified to vote" under Louisiana law, 52 U.S.C. § 10101(a)(2)(A), regardless of how they attained U.S. citizenship.  Therefore, the standards, practices and procedures applied to all U.S. citizens must be uniform and nondiscriminatory in accordance with 52 U.S.C. § 10101(a)(2)(A).

74.     At all relevant times, Defendants have acted under color of state law.

75.     Defendants, acting under color of state law, have deprived and will continue to deprive Plaintiffs of their right to voter registration free of discriminatory standards, practices, or procedures which is guaranteed to Plaintiffs by 52 U.S.C. § 10101(a)(2)(A) and 42 U.S.C. § 1983.

**COUNT THREE**

**(Violation of the Elections Clause, U.S. CONST. art. I, § 4, cl. 1, as to the National Voter Registration Act of 1993, 52 U.S.C. § 20501 *et seq*. and 42 U.S.C. § 1983)**

76.     The factual allegations contained in the preceding paragraphs are incorporated into Count Three, as though fully set forth herein.

77.     Plaintiffs assert a claim pursuant to 42 U.S.C. § 1983 for violation of the Elections Clause of Article One of the United States Constitution and the National Voter Registration Act, which preempt contrary state laws.

78.     The National Voter Registration Act ("NVRA") of 1993, 107 Stat. 77, as amended, 52 U.S.C. § 20501 *et seq*., was enacted to increase voter registration in a variety of ways.  The NVRA mandates the creation of a National Mail Voter Registration Form ("Federal Form"), which can be used to register to vote anywhere in the United States.  52 U.S.C. § 20505(a)(1).  States are required to "accept and use" this uniform Federal Form to register voters for federal elections at a minimum.  *Id*.  The Federal Form's instructions for Louisiana do not mention any documentary proof of citizenship requirement of any kind; and Louisiana has neither informed the U.S. Election Assistance Commission ("EAC") of Section 18:105(B)'s enforcement nor sought an update to these instructions.  52 U.S.C. §§ 20505, 20508.

79.     The NVRA was passed pursuant to the Elections Clause of the U.S. Constitution: "The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators."  U.S. CONST. art. I, § 4.  Federal law enacted pursuant to the Elections Clause displaces and preempts inconsistent state laws.

80.     Under the Supreme Court's decision in *Arizona v. Inter Tribal Council of Arizona, Inc.*, 133 S. Ct. 2247 (2013), a state may not impose a state documentary proof of citizenship requirement on registrants using the federal registration form created pursuant to the NVRA.  The Court unequivocally stated:

> [T]he fairest reading of the statute is that a state-imposed requirement of evidence of citizenship not required by the Federal Form is "inconsistent with" the

> NVRA's mandate that States "accept and use" the Federal Form. If this reading prevails, the Elections Clause requires that Arizona's rule give way.

*Id*. at 2257 (citation omitted; emphasis in original).

81.     In clear violation of that precedent, Louisiana is imposing its state documentary proof of citizenship requirement on Louisiana naturalized voter applicants who submit the Federal Form.  Under *Arizona v. ITCA*, the application of Louisiana's state documentary proof of citizenship requirement for naturalized U.S. citizens registering to vote is preempted as contrary to the NVRA.

82.     Louisiana's law and practice conflicts with federal law and the Federal Form and imposes requirements not authorized by and contrary to federal law.

83.     Because the Federal Form's state-specific instructions do not contain any instructions requiring naturalized U.S. citizens to comply with Louisiana's documentary proof of citizenship requirement, Plaintiffs have a right to register to vote for all elections in Louisiana using the Federal Form, notwithstanding the omission of any documentary proof of citizenship.

84.     At all relevant times, Defendants acted under color of state law.

85.     Defendants, acting under color of state law, have unlawfully imposed LA. REV. STAT. ANN. § 18:105(B) on voter registration applicants using the Federal Form.  Defendants will continue to deprive Plaintiff Mai and members of Plaintiff VAYLA of their right to register to vote using the Federal Form, which is guaranteed to Plaintiffs by the National Voter Registration Act of 1993, 52 U.S.C. § 20501 *et seq.* and 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court:

(a) Assume jurisdiction over this matter;

(b) Certify this matter as a class action pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure;

(c) Appoint counsel as class counsel pursuant to Federal Rule of Civil Procedure 23(g);

(d) Declare that Louisiana's documentary proof of citizenship requirement, LA. REV. STAT. ANN. § 18:105(B), violates the Fourteenth Amendment and 52 U.S.C. § 10101(a)(2)(A), and is preempted by the National Voter Registration Act, 52 U.S.C. §§ 20501 *et seq.* and the Elections Clause, U.S. CONST., art. I, § 4 cl. 1;

(e) Issue a preliminary injunction, later to be made permanent, enjoining Defendants' enforcement of LA. REV. STAT. ANN. § 18:105(B) and requiring Defendants Louisiana Secretary of State Tom Schedler and Louisiana Commissioner of Elections Angie Rogers, their respective agents, officers, employees, successors, and all persons acting in concert with them to register naturalized U.S. citizens who register to vote in Louisiana by any means without requiring any documentary proof of U.S. citizenship;

(f) Issue a preliminary injunction, later to be made permanent, enjoining Defendants Louisiana Secretary of State Tom Schedler and Louisiana Commissioner of Elections Angie Rogers, their respective agents, officers, employees, successors, and all persons acting in concert with them from requiring documentary proof of U.S. citizenship and/or inquiry into the birthplace of voter registration applicants who use the National Mail Voter Registration Form;

(g) Issue an order requiring Defendant Secretary of State Schedler to issue a directive to all of the parish Registrar of Voters offices announcing the judgment in this case and

to provide new training and guidance for the Registrar of Voters offices and the volunteer poll workers who serve in elections;

(h) Grant Plaintiffs their reasonable costs and attorneys' fees incurred in bringing this action pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1920, and as otherwise permitted by law; and

(i) Grant such other relief as this Court deems just and proper.

DATED: May 4, 2016                          Respectfully submitted,


*/s/ Sara H. Godchaux*
Sara H. Godchaux
Louisiana Bar No. 34561
Southern Poverty Law Center
1055 St. Charles Avenue, Suite 505
New Orleans, LA 70130
sara.godchaux@splcenter.org
Phone: (504) 486-8982, ext. 225
Fax: (504) 486-8947

Naomi Tsu*
GA Bar No. 507612
Southern Poverty Law Center
1989 College Ave.
Atlanta, GA 30317
naomi.tsu@splcenter.org
Phone:  (404) 521-6700
Fax:  (404) 221-5847

Jon Sherman*
D.C. Bar No. 998271
New York Bar No. 4697348
Brittnie Baker**
D.C. Bar Application Pending
Florida Bar No. 0119058
Fair Elections Legal Network
1825 K St. NW, Suite 450
Washington, DC 20006
jsherman@fairelectionsnetwork.com
bbaker@fairelectionsnetwork.com
Phone: (202) 331-0114

25

Fax: (202) 331-1663

*Application Pending to be Admitted Pro Hac Vice to Practice in the United States District Court for the Middle District of Louisiana*

**Application Pending to be Admitted Pro Hac Vice to Practice in the United States District Court for the Middle District of Louisiana and Working Under the Direct Supervision of an Enrolled, Active Member of the District of Columbia Bar*

26